IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN RAY BERRY                                                                              PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 3:12cv270-FKB

RON WOODALL, M.D., et al.                                                              DEFENDANTS

OPINION AND ORDER

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials.  Presently before the Court are the motions of Defendant Ron Woodall [57] and Defendants Mike Hatten and Paxton Paige [69] for summary judgment.  Having considered the motions, Plaintiff's response to Defendant Woodall's motion,[1] and the undisputed evidence of record, the Court concludes that the motions should be granted.

Plaintiff's allegations are as follows.  In 2007, prior to his incarceration, Plaintiff was involved in a motor vehicle accident.  As a result of the accident, he sustained a moderate cervical disc protrusion, for which his physician recommended surgery.  However, in April of 2008, before he underwent surgery, Plaintiff became an inmate of the the Mississippi Department of Corrections (MDOC).  Plaintiff advised prison officials of his injury and his need for surgery, but prison medical personnel told him he was simply suffering from arthritis and took no other action until 2011, when they referred him to a neurologist.

---

[1]Berry has not responded to the motion filed by Hatten and Paige.

Plaintiff underwent surgery in December of 2011.  After the surgery, prison health officials changed his prescribed medication and failed to send him to his follow-up appointment or to physical therapy as prescribed.  He continues to suffer from pain and breathing problems from the surgery and is not receiving adequate treatment for these complaints.

Dr. Ron Woodall is the medical director at South Mississippi Correctional Institute (SMCI).  At the omnibus hearing, Plaintiff testified that he is suing Dr. Woodall because Dr. Woodall failed to refer him to a neurologist after Plaintiff explained his problem.  It is undisputed that this occurred sometime in 2008.[2]  As Defendant Woodall points out in his brief, the applicable limitations period for Plaintiff's claim is three years.  *See Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008) (Mississippi's three-year residual personal injury statute of limitations applies to claims brought under § 1983).  Plaintiff filed this lawsuit on April 19, 2012.  Thus, any claim that accrued in 2008 is barred.

Defendants Hatten and Paige are the MDOC compliance officers at SMCI and Central Mississippi Correctional Facility (CMCF), respectively.  The only allegations made by Berry against these defendants are that they were responsible for ensuring that the medical contractors at the facilities provided adequate medical care to inmates.  He has failed to allege that they were personally involved in his health care or that they took any action, or failed to act, in any way that "evince[d] a wanton disregard for [his] serious medical needs."  *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).  These defendants are likewise entitled to summary judgment.

---

[2] Berry testified at the omnibus hearing that he thought this occurred in 2008.  In his motion, Woodall points out that the only time Berry has been housed at SMCI was for a few months in 2008.  In his response to the motion, Berry does not dispute that he last saw Dr. Woodall in 2008.

Accordingly, the motions for summary judgment are hereby granted.  All claims against Defendants Woodall, Hatten, and Paige are hereby dismissed.

SO ORDERED this the 11th day of August, 2014.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE