IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN RAY BERRY                                                                       PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:12cv270-FKB

RON WOODALL, M.D., et al.                                          DEFENDANTS

OPINION AND ORDER

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging inadequate medical care by prison officials.  Presently before the Court is the motion for summary judgment [89] filed by three Defendants: Wexford Health Sources (Wexford), the medical contractor for Central Mississippi Correctional Facility (CMCF); and  Rebecca Pope and Kalashari Bell, nurses employed by Wexford at CMCF.  Plaintiff has not responded to the motion.[1]  Having considered the motions and the evidence of record, the Court concludes that the motion should be granted.

Plaintiff's allegations are as follows.  In 2007, prior to his incarceration, Plaintiff was injured in a motor vehicle accident and sustained a moderate cervical disc protrusion.  His physician indicated that he would probably need surgery, although he recommended a

---

[1] A review of the docket indicates that prior to the filing of the present motion for summary judgment, Plaintiff filed a motion to compel discovery responses from Defendant Wexford.  That motion was never ruled on.  However, Plaintiff has failed to respond to the motion for summary judgment in any way, much less allege that he needs additional discovery in order to oppose it.  Accordingly, the Court concludes that summary judgment may be granted even though Plaintiff's motion to compel remains pending.

trial of physical therapy. Plaintiff did not undergo surgery prior to his incarceration, which began in April of 2008. Upon entering MDOC custody, Plaintiff told prison officials about his injury and that he needed surgery, but medical personnel told him he was simply suffering from arthritis and took no other action until 2011, when they referred him to a neurologist. Plaintiff underwent a cervical fusion in December of 2011. After the surgery, Defendant Bell altered his prescribed pain medication, and prison officials failed to send him to his follow-up appointment or to physical therapy as prescribed. He continues to suffer from pain and breathing problems from the surgery. Finally, he alleges that on numerous occasions, Defendant Pope refused to allow him to see a physician.

In support of their motion, Defendants have submitted, *inter alia,* Plaintiff's prison medical file and the affidavit of Dr. John Hochberg, the regional medical director for Wexford. Dr. Hochberg's affidavit addresses the alleged alteration in Plaintiff's post-surgery medication. According to Dr. Hochberg, Plaintiff's offsite surgeon prescribed Percocet for pain and Valium for muscle spasms. However, these were not formulary drugs at CMCF. Instead, Plaintiff was given Lortab for pain and Ativan and Flexeril for muscle spasms. Dr. Hochberg states the decision to change Plaintiff's medication was made by a physician, not Defendant Bell. He also states that in his professional opinion, the latter medications were appropriate for Plaintiff's condition.

Further, the evidence does not support Plaintiff's constitutional claim regarding an alleged delay in his surgery. The records show that when he was transferred to CMCF in August of 2008, he was receiving Indocin, an anti-inflammatory. He was continued on Indocin for several months; however, in February 2009 his medication was changed after

he complained that it was not helping his pain. He continued to be seen for complaints for pain, and his physicians continued to adjust his medications. His pain continued to worsen, however, and in May of 2011, Dr. Daisy Thomas recommended a neurosurgical consult. The neurologist advised surgery. Plaintiff underwent an anterior cervical discectomy and fusion in December of 2011.

After his surgery, Plaintiff was seen by his surgeon for followup appointments in January, February, and April of 2012. There is no indication that post-surgical physical therapy was ordered.

It is understandable that Plaintiff may believe that his pain should have been treated less conservatively and that he should have been referred to a neurosurgeon at an earlier date. But in order to succeed under § 1983, Plaintiff must establish that Defendants were deliberately indifferent to his serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff has failed to meet this standard. The Constitution does not require the best or the most efficient medical care. Plaintiff's medical records do not support a finding that any defendant intentionally delayed treatment or otherwise wantonly disregarded his complaints of pain. His dissatisfaction and disagreement with the conservative treatment for his pain does not give rise to a constitutional claim. *See*

*Norton v. Dimazana,* 122 F.3d 286, 292 (5${}^{th}$ Cir. 1997).

Accordingly, Defendants Pope, Bell, and Wexford are entitled to judgment as a matter of law. Their motion is hereby granted, and they are dismissed from this action.

SO ORDERED this the 10th day of March, 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE