IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARVIN RAY BERRY                                                                                    PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 3:12cv270-FKB

DAISY THOMAS and
TOM APPLEGATE                                                                                    DEFENDANTS

OPINION AND ORDER

Marvin Ray Berry, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging an unreasonable delay in medical treatment.  Previously, summary judgment was granted in favor of Defendants Wexford Health Sources (Wexford), Rebecca Pope, and Kalashari Bell.  Presently before the Court is the motion for summary judgment [107] filed by the remaining defendants, Tom Applegate and Dr. Daisy Thomas.  Plaintiff has not responded to the motion.  Having considered the motion and the evidence of record, the Court concludes that the motion should be granted.

Plaintiff's allegations are as follows.  In 2007 prior to his incarceration, Berry sustained a moderate cervical disc protrusion as a result of an automobile accident.  Plaintiff's physician indicated to him that he would probably eventually need surgery.  However, the physican recommended that Plaintiff first undergo a trial of physical therapy.  When Plaintiff entered the custody of the Mississippi Department of Corrections in April of 2008, he had not undergone any surgery for his condition.   Upon intake at Central Mississippi Correctional Facility (CMCF), Berry informed prison officials about his injury and pain and told them that he needed surgery.  However, prison medical personnel told him he was simply suffering from arthritis.  Berry was not referred to a neurosurgeon until 2011, and he underwent a cervical fusion in December of that year.

In support of their motion, movants have submitted, *inter alia*, Plaintiff's prison medical file and the affidavits of Defendant Thomas and Joe Ebbitt.  Dr. Thomas is a medical doctor who was previously employed by Wexford, the contract medical provider for Central Mississippi Correctional Facility (CMCF).  Dr. Thomas treated Plaintiff on several occasions from 2009 through 2011.  She states in her affidavit that in September of 2009, Berry presented with complaints of neck pain from a fall.  Dr. Thomas sent him to the emergency room and upon his return, she gave him pain medication.  Dr. Thomas saw Plaintiff several times thereafter, but during those visits, Plaintiff made no significant complaints of back or neck pain.  Rather, Plaintiff's back and neck pain were treated primarily by other physicians at the clinic.  In March of 2011, another physician ordered cervical x-rays.  The report from those x-rays showed hypertrophic spurring.  When Dr. Thomas saw Plaintiff in May of 2011, she requested a neurosurgical consult.  That request was granted, and Plaintiff underwent surgery.  Dr. Thomas states that she believes that Plaintiff received the necessary and appropriate treatment, including conservative treatment for his pain until the x-rays indicated that a referral was appropriate.

Joe Ebbitt is the Director of Risk Management, HIPAA Compliance, and Legal Affairs for Wexford.  He states in his affidavit that from April 2011 until April 2012, Thomas Applegate was employed by Wexford as a site manager at CMCF.  According to Mr. Ebbitt, Defendant Applegate is not a medical doctor and would have not been involved in decisions regarding Plaintiff's medical treatment.

In order to succeed on a medical claim under § 1983, a prisoner must establish

that the defendants were deliberately indifferent to his serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976).  To establish deliberate indifference, a prisoner must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001).   Plaintiff has failed to meet this standard.   Nothing in Plaintiff's medical records or elsewhere in the record supports a finding that Defendant Thomas intentionally delayed treatment or otherwise wantonly disregarded Plaintiff's complaints of pain. Rather, the most that the evidence establishes is that Plaintiff would have preferred to have received less conservative treatment for his pain and to have been referred to a neurosurgeon at an earlier date.  Berry's dissatisfaction and disagreement with the conservative treatment for his pain does not give rise to a constitutional claim. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997).  Furthermore, the undisputed evidence establishes that Defendant Applegate had no role in Plaintiff's medical care. Thus, the Court concludes that Plaintiff has failed to establish the existence of a genuine factual issue and that movants are entitled to judgment as a matter of law.

Accordingly, the motion is granted.  A separate judgment will be entered.

SO ORDERED this the 27th day of August, 2015.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE